E-FILED
Friday, 19 February, 2016 12:41:35 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | |
|---|---|
| **JOHN M. BERKHOFF, an individual**<br><br>Plaintiff,<br><br>v.<br><br>**ABM SERVICE CORPORATION, a Delaware corporation; HORACE MANN EDUCATORS CORPORATION, an Illinois corporation; and HORACE MANN INVESTORS, INC., a Maryland corporation,**<br><br>Defendants. | No. 15-cv-03326<br><br>Judge Sue E. Myerscough<br><br>Magistrate Judge Tom Schanzle-Haskins |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants ABM Service Corporation, Horace Mann Educators Corporation, and Horace Mann Investors, Inc. (collectively, "Horace Mann" or "Defendants"), by and through their attorneys, hereby submit the following Answer and Affirmative Defenses to Plaintiff's Amended Complaint. Defendants deny each and every allegations, matter, or thing in the Amended Complaint, except as specifically admitted or qualified herein.

**Jurisdiction and Venue**

1. This is an action for damages for: a) breach of contract, b) defamation, c) intentional interference with business/contractual relationships, and d) enforcement of an invalid non-competition agreement.

**ANSWER:** Defendants admit that Plaintiff purports to bring this action and seek damages for breach of contract, defamation, intentional interference with business/contractual relationships and enforcement of an invalid non-competition agreement. Defendants deny that

Plaintiff may prevail or is entitled to damages under any of these causes of action and deny the remaining allegations of Paragraph 1 of the Amended Complaint.

2. Plaintiff is a resident of Las Vegas, Nevada, who was initially employed with one or more of the Defendants in Nevada, and later operated an insurance and financial service firms in Las Vegas, Nevada pursuant to agreements with one or more of the Defendants.

**ANSWER:** Defendants admit that in 2006, Plaintiff began working for Horace Mann as an employee in Nevada. Defendants further admit that, as an independent contractor, Plaintiff executed an agreement on behalf of himself as Key Agent of Vegas Valley Insurance Financial Services, LLC to serve as an Exclusive Agent for Horace Mann. Defendants further admit that, as an independent contractor, Plaintiff executed an agreement on behalf of himself as Key Agent of Golden Insurance and Financial Services LLC to serve as an Exclusive Agent for Horace Mann. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2 of the Amended Complaint.

3. Defendants, ABM Service Corporation, Horace Mann Educators Corporation and Horace Mann Investors, Inc., are a part of a group of affiliated insurance and financial service companies, with their corporate headquarters and principal place of business in Springfield, Illinois, and are sometimes collectively referred to herein as Horace Mann.

**ANSWER:** Defendants admit the allegations of Paragraph 3 of the Amended Complaint.

4. In 2006, Berkhoff began working for Horace Mann as an employee in Nevada.

**ANSWER:** Defendants admit the allegations of Paragraph 4 of the Amended Complaint.

5. Subsequent to plaintiff's employment by Horace Mann, Berkhoff entered into agreements on behalf of himself, and two (2) LLCs which he solely owned, as an exclusive agent for Horace Mann. Attached hereto and incorporated herein is a copy of a recent representative exclusive agent agreement between Berkhoff and Horace Mann, marked as Exhibit A.

**ANSWER:** Defendants admit that, as an independent contractor, Plaintiff executed an agreement on behalf of himself as Key Agent of Vegas Valley Insurance Financial Services, LLC to serve as an Exclusive Agent for Horace Mann. Defendants further admit that, as an independent contractor, Plaintiff executed an agreement on behalf of himself as Key Agent of Golden Insurance and Financial Services LLC to serve as an Exclusive Agent for Horace Mann. Defendants deny the remaining allegations of Paragraph 5 of the Amended Complaint.

6. The exclusive agent agreements contain both choice of law and venue provisions selecting the laws of the State of Illinois, and the State or Federal courts sitting in Springfield, Illinois.

**ANSWER:** Defendants admit that the Exclusive Agent Agreements for both Vegas Valley Insurance and Financial Services, LLC and Golden Insurance and Financial Services LLC contain Illinois choice-of-law provisions and forum selection clauses selecting a state or federal court located in Springfield, Illinois.

7. The parties are completely diverse herein, and the amount of controversy exceeds $75,000.00.

**ANSWER:** Defendants admit that the parties are diverse and admit that Plaintiff alleges that the amount in controversy exceeds $75,000. Defendants deny any liability to Plaintiff and deny the remaining allegations of Paragraph 7 of the Amended Complaint.

8. Diversity jurisdiction therefore is appropriate pursuant to 28 U.S.C. 1332, and venue pursuant to 28 U.S.C. 1391.

**ANSWER:** Defendants admit that this Court has jurisdiction over the claims asserted in the Amended Complaint but deny that any of Plaintiff's claims are valid and that Plaintiff is entitled to any relief.

## Common Allegations

9. Berkhoff started with Horace Mann as an employee insurance agent in 2006.

**ANSWER:** Defendants admit the allegations of Paragraph 9 of the Amended Complaint.

10. In August 2009, Berkhoff and Defendant Horace Mann Investors, Inc. entered into an agreement whereby Berkhoff would work as an exclusive agent (hereinafter sometimes referred to as EA). That EA agreement was modified from time to time and a recent representative version is attached hereto as Exhibit A.

**ANSWER:** Defendants admit that on June 1, 2009, as an independent contractor, Plaintiff executed an agreement on behalf of himself as Key Agent of Vegas Valley Insurance Financial Services, LLC with ABM Service Corporation, to serve as an Exclusive Agent for Horace Mann. Defendants deny the remaining allegations of Paragraph 10 of the Amended Complaint.

11. Regularly, Berkhoff entered into a new EA Agreement with Horace Mann Investors, Inc.

**ANSWER:** Defendants deny the allegations of Paragraph 11 of the Amended Complaint.

12. In February 2012, Berkhoff entered into another EA Agreement for a satellite insurance business also located in Las Vegas, Nevada, which satellite agency Berkhoff purchased from the departing Horace Mann agent.

**ANSWER:** Defendants admit that on February 22, 2012, as an independent contractor, Plaintiff executed an agreement on behalf of himself as Key Agent of Golden Insurance and Financial Services LLC with ABM Service Corporation, to serve as an Exclusive Agent for Horace Mann and further admit that Plaintiff purchased his satellite agency from a departing Horace Mann Exclusive Agent.

13. As an EA, Berkhoff sold insurance and financial product (*sic.*) through Vegas Valley Insurance, LLC, and Golden Insurance, LLC, both wholly owned by Berkhoff.

**ANSWER:** Defendants admit that, as an Exclusive Agent, Plaintiff sold insurance and financial products through his own companies, Vegas Valley Insurance and Financial Services, LLC and Golden Insurance and Financial Services LLC. Defendants deny the remaining allegations of Paragraph 13 of the Amended Complaint.

14. Both EA Agreements, and those executed annually, were drafted by Horace Mann.

**ANSWER:** Defendants admit that the June 1, 2009 agreement and February 22, 2012 agreement signed by Plaintiff as Key Agent of his own companies Vegas Valley Insurance and Financial Services, LLC and Golden Insurance and Financial Services LLC were both drafted by Horace Mann. Defendants deny the remaining allegations of Paragraph 14 of the Amended Complaint,

15. At all relevant times, Berkhoff met his obligations pursuant to the EA Agreements.

**ANSWER:** Defendants deny the allegations of Paragraph 15 of the Amended Complaint.

16. Commencing with his employment with Horace Mann in 2006, and continuing through April 2015, Horace Mann annually recognized Berkhoff with various production and sales awards, and achieved an annual ranking in the top 10 percent based on production of Horace Mann's agents.

**ANSWER:** Defendants deny the allegations of Paragraph 16 of the Amended Complaint.

**Count I**
**Breach of Contract**

17. From Berkhoff's execution of the first EA Agreement on or about August 25, 2009, he performed as agreed, and otherwise complied with the Agreement.

**<u>ANSWER:</u>** Defendants deny the allegations of Paragraph 17 of the Amended Complaint.

18. The EA Agreement of for Vegas Valley operation (*sic.*) provides as follows:

This Agreement may be terminated:

1. At any time by mutual agreement of the parties in writing;

2. By either party, with or without cause, or reason, upon providing sixty (60) days prior written notice to the other, or such greater number of days as is required by applicable law....

3. Alternatively, by the Company, with cause, immediately upon providing written notice to You.

**<u>ANSWER:</u>** Defendants deny the allegations of Paragraph 18 of the Amended Complaint.

19. As to the EA Agreement for the satellite location/Golden Insurance, it states:

This Agreement may be terminated:

1. At any time by mutual agreement of the parties in writing;

2. By either party, with or without cause, or reason, upon providing sixty (60) days prior written notice to the other, or such greater number of days as is required by applicable law....

3. Alternatively, by the Company, with cause, immediately upon providing written notice to You.

**<u>ANSWER:</u>** Defendants deny the allegations of Paragraph 19 of the Amended Complaint.

20. On April 21, 2015, Horace Mann terminated both EA Agreements as of April 21, 2015.

**<u>ANSWER:</u>** Defendants admit that Horace Mann terminated the June 1, 2009 agreement and February 22, 2012 agreement signed by Plaintiff as Key Agent of his own

companies Vegas Valley Insurance and Financial Services, LLC and Golden Insurance and Financial Services LLC, on or about April 21, 2015. Defendants deny the remaining allegations of Paragraph 20 of the Amended Complaint.

21. Prior to April 21, 2015, Berkhoff complained to Horace Mann and others about what he believed was an error in the calculation of agent compensation, as well as the commissions agents receive for writing business with financial service companies other than Horace Mann. Prior to April 21, 2015, Berkhoff also participated in efforts to organize a labor force of Horace Mann's agents.

**ANSWER:** Defendants admit that prior to April 21, 2015, Plaintiff made inquiries regarding agent compensation issues. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 21 of the Amended Complaint.

22. Defendants breached the EA Agreements claiming that the terminations were the result of Berkhoff's improper business placement, when such language does not appear in the EA Agreement, and had been utilized by years with Horace Mann's approval by Berkhoff and others.

**ANSWER:** Defendants deny the allegations of Paragraph 22 of the Amended Complaint.

23. Defendants breached the EA Agreements by utilizing the improper business placement reason as a pretext for Berkhoff's complaints about compensation and labor force organization efforts.

**ANSWER:** Defendants deny the allegations of Paragraph 23 of the Amended Complaint.

24. Defendants breached the EA Agreements by terminating Berkhoff without proper cause.

**ANSWER:** Defendants deny the allegations of Paragraph 24 of the Amended Complaint.

25. The EA Agreements also contain non-competition language as follows:

As to the Vegas Valley EA Agreement, Section 16 (C) states:

For a period of twelve (12) months following termination, for any reason, You agree You will not solicit the purchase of products or services in competition with those sold by Horace Mann:

1. With respect to any person, company or organization to whom You or anyone acting on Your behalf sold insurance or other products or services on behalf of Horace Mann or a Partnering Company and who is a customer of Horace Mann or a partnering Company at the time of Your termination,

2. With respect to any person, company or organization who is a customer of Horace Mann or a Partnering Company at the time of termination of this Agreement and whose identity was discovered by Your as a result of Your status as a Horace Mann agent or as a result of Your access to Confidential Information of Horace Mann, or

3. From any office or business site located within ten miles of any locations from which You solicited or sold Horace Mann or Partnering Companies' products or services during the year immediately preceding termination of this Agreement.

As to the Golden Insurance EA Agreement, Section 17(D) provides as follows:

For a period of twelve (12) months following termination, for any reason, You agree You will not solicit the purchase of products or services in competition with those sold by Horace Mann:

1. With respect to any person, company or organization to whom You or anyone acting on Your behalf sold insurance or other products or services on behalf of Horace Mann or an authorized third-party vendor and who is a customer of Horace Mann or an authorized third-party vendor at the time of Your termination,

2. With respect to any person, company or organization who is a customer of Horace Mann or an authorized third-party vendor at the time of termination of this Agreement and whose identity was discovered by You as a result of Your status as an EA or as a result of Your access to Confidential Information. From any office or business site located within ten miles of any locations from which You solicited or sold Horace Mann or authorized third-party vendor's products or services during the year

immediately preceding termination of this Agreement.

**ANSWER:** Defendants deny the allegations of Paragraph 25 of the Amended Complaint.

26. On or about April21, 2015, defendants asserted the non-competition language and barred Berkhoff from speaking with any of his approximately 1,900 clients and otherwise pursuing his livelihood in Las Vegas, Nevada. See attached Exhibit B.

**ANSWER:** Defendants deny the allegations of Paragraph 26 of the Amended Complaint.

27. After April 21, 2015, defendants breached the EA Agreements by failing to pay termination amounts due to Berkhoff pursuant to the EA Agreements, as referenced on the attached Exhibit C.

**ANSWER:** Defendants deny the allegations of Paragraph 27 of the Amended Complaint.

28. Berkhoff has been damaged by Defendants' breaches of the EA Agreements by the improper termination payments, lost new business, losses due to the illegal non-competition provisions, losses from inability to do business with his approximately 1,900 clients, and other types of income, constituting both current and future earnings which he would have earned but for Defendants' actions.

**ANSWER:** Defendants deny the allegations of Paragraph 28 of the Amended Complaint.

WHEREFORE, Plaintiff JOHN M. BERKHOFF respectfully prays for judgment against the Defendants for damages in excess of $75,000.00, and for such other and further relief as it deems just and proper.

**ANSWER:** Defendants deny that Plaintiff suffered any damages and deny that Plaintiff is entitled to any relief whatsoever in this action.

**Count II**
**Defamation**

29. On or about April 24, 2015, Defendant Horace Mann Educators Corporation filed a Form U-5, "Uniform Termination Notice for Securities Industry Registration" with the Financial Industry Regulatory Authority (FINRA). Attached hereto and incorporated herein as Exhibit D is a true and correct copy of this Form U-5.

**ANSWER:** Defendants admit that on or about April 24, 2015, Horace Mann Investors, Inc. filed a Form U5 with FINRA, and that Exhibit D appears to be a true and correct copy of that Form U5. Defendants deny the remaining allegations of Paragraph 29 of the Amended Complaint.

30. Defendants' U-5 filing stated that Berkhoff was terminated due to Defendants' lack of trust based on Berkhoff's failure to apply business to the correct sales locations after being informed not to do so.

**ANSWER:** Defendants admit that the Form U5 states as follows under "Termination Explanation": Agent was terminated by affiliated insurance company for lack of trust in part to agent's failure to apply business to the correct sales location, after being informed to cease and desist, for the purpose of maximizing compensation. Defendants deny the remaining allegations of Paragraph 30 of the Amended Complaint.

31. Defendants never advised Berkhoff to "cease and desist", as they alleged in the U-5 filing, how Berkhoff applied business between the two agencies.

**ANSWER:** Defendants deny the allegations of Paragraph 31 of the Amended Complaint.

32. After Berkhoff purchased the satellite agency, Defendants worked with Berkhoff to implement a system to correctly allocate business between the two agencies consistent with Defendants' wishes.

**ANSWER:** Defendants deny the allegations of Paragraph 32 of the Amended Complaint.

33. Berkhoff complied with the method of allocating business implemented with Defendants' consent.

**ANSWER:** Defendants deny the allegations of Paragraph 33 of the Amended Complaint.

34. Defendants also made statements to others relative to Berkhoff's alleged mis-allocation of business, intentionally failing to meet his obligations under the EA Agreements, that Berkhoff deserved to be disciplined, that Berkhoff lacked integrity, that Berkhoff was dishonest, that Berkhoff was incompetent, and that Berkhoff lacked professionalism.

**ANSWER:** Defendants deny the allegations of Paragraph 34 of the Amended Complaint.

35. None of the expressed or implied statements of Defendants about Berkhoff are true.

**ANSWER:** Defendants deny the allegations of Paragraph 35 of the Amended Complaint.

36. Defendants' defamatory actions were intentional, and intended to prevent Berkhoff from lawfully competing with Defendants and to injure his personal and professional reputation.

**ANSWER:** Defendants deny the allegations of Paragraph 36 of the Amended Complaint.

37. Defendants published the aforementioned statements knowing them to be false, and did so without any reasonable investigation.

**ANSWER:** Defendants deny the allegations of Paragraph 37 of the Amended Complaint.

38. Defendants' defamatory actions caused damaged to Berkhoff's personal and professional reputations, the loss of Berkhoff's approximately 1,900 clients, and current and future lost earnings which he would have received but for Defendants' breaches.

**ANSWER:** Defendants deny the allegations of Paragraph 38 of the Amended

Complaint.

WHEREFORE, Plaintiff JOHN M. BERKHOFF respectfully prays for judgment in the amount in excess of $75,000.00 against Defendants, and for such other and further relief as it deems just.

**ANSWER:** Defendants deny that Plaintiff suffered any damages and deny that Plaintiff is entitled to any relief whatsoever in this action.

**Count III**
**Intentional Interference With Business and Contractual Relationships**

39. Prior to his termination, Berkhoff had existing contracts with approximately 1,900 clients from the two insurance agencies, as well as with the landlord of one of his leased office spaces.

**ANSWER:** Defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 39 of the Amended Complaint.

40. As described herein, Defendants breached the EA Agreements, terminating those agreements for pretextual and false reasons.

**ANSWER:** Defendants deny the allegations of Paragraph 40 of the Amended Complaint.

41. Defendants' unlawful termination allowed Defendants to misappropriate and convert Berkhoff's client relationships, and ensuing commissions, as well as divert Berkhoff's perspective business opportunities from other potential clients.

**ANSWER:** Defendants deny the allegations of Paragraph 41 of the Amended Complaint.

42. Defendants disrupted Berkhoff's contracts with his approximately 1,900 clients, as well as the lease with his landlord.

**ANSWER:** Defendants deny the allegations of Paragraph 42 of the Amended Complaint.

43. Berkhoff had reasonable expectations of continued economic advantages by virtue of establishment and operation of a successful insurance and financial service business.

**ANSWER:** Defendants deny the allegations of Paragraph 43 of the Amended Complaint.

44. As a result of Defendants' interference with Berkhoff's existing contractual relationship, Berkhoff has suffered actual damage in the form of loss of current earnings and lease termination costs.

**ANSWER:** Defendants deny the allegations of Paragraph 44 of the Amended Complaint.

45. In addition, as a result of Defendants' actions, Plaintiff has lost future earnings which he would have received had Defendant not terminated the EA Agreements.

**ANSWER:** Defendants deny the allegations of Paragraph 45 of the Amended Complaint.

WHEREFORE, Plaintiff JOHN M. BERKHOFF respectfully prays for judgment against Defendants in excess of $75,000.00, and for such other and further relief as it deems proper.

**ANSWER:** Defendants deny that Plaintiff suffered any damages and deny that Plaintiff is entitled to any relief whatsoever in this action.

**Count IV**
**Enforcement of Invalid Non-Competition Clause**

46. As noted above, the EA Agreements both contained non-competition language which prohibits the solicitation for purchase of products or services in competition with those sold by Horace Mann for a period of 12 months following termination.

**ANSWER:** Defendants admit that the Exclusive Agent Agreements for both Vegas Valley Insurance and Financial Services, LLC and Golden Insurance and Financial Services LLC contain certain post-termination obligations. Defendants deny that Paragraph 46 accurately states those obligations and deny the remaining allegations of Paragraph 46 of the Amended

Complaint.

47. The Agreements on their face prohibit such solicitation within ten miles of any locations from which Berkhoff previously solicited or sold.

**ANSWER:** Defendants admit that the Exclusive Agent Agreements for both Vegas Valley Insurance and Financial Services, LLC and Golden Insurance and Financial Services LLC contain certain post-termination obligations. Defendants deny that Paragraph 47 accurately states those obligations and deny the remaining allegations of Paragraph 47 of the Amended Complaint.

48. Defendants have attempted to enforce the non-competition provisions, and threatened Berkhoff with action should he fail to abide by them. See attached Exhibit B.

**ANSWER:** Defendants admit that counsel for Defendants sent a letter to counsel for Plaintiff, reminding Plaintiff of his post-termination obligations and requesting the return of Horace Mann's confidential and proprietary information. Defendants deny the remaining allegations of Paragraph 48 of the Amended Complaint.

49. The non-competition provisions in the EA Agreements are over broad and unenforceable under Illinois law due to their breadth, their geographic limitation, their length, and the type of business the Agreements purport to prohibit, and are unreasonably restraining trade without an enforceable business interest.

**ANSWER:** Defendants deny the allegations of Paragraph 49 of the Amended Complaint.

50. Berkhoff has suffered damages as a result of Defendants' enforcement of the non-competition provisions in that he has been unable to do business with his approximately 1,900 clients, write other business for those clients, or engage in soliciting of business from others.

**ANSWER:** Defendants deny the allegations of Paragraph 50 of the Amended Complaint.

51. Berkhoff further suffered the expense associated with the termination of his lease and relocation of his office due to the geographic provision of the non- compete.

**ANSWER:** Defendants deny the allegations of Paragraph 51 of the Amended Complaint.

52. Berkhoff thus has suffered loss of both current and future earnings which he would have received had Defendant not enforced the non-competition provision of the EA Agreements.

**ANSWER:** Defendants deny the allegations of Paragraph 52 of the Amended Complaint.

WHEREFORE, Plaintiff JOHN M. BERKHOFF respectfully prays for judgment against Defendants in an amount in excess of $75,000.00, and for such other and further relief as it deems proper.

**ANSWER:** Defendants deny that Plaintiff suffered any damages and deny that Plaintiff is entitled to any relief whatsoever in this action.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses. In asserting these defenses, Defendants do not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's contract claims are barred by due to Plaintiff's prior material breach of contract. Plaintiff breached material terms of the Exclusive Agent Agreements for both Vegas Valley Insurance and Financial Services, LLC and Golden Insurance and Financial Services LLC by repeatedly disregarding proper business placement between Plaintiff's primary and satellite agencies.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's defamation claim is barred because the alleged defamatory statements made by Defendants are protected under a qualified privilege and the litigation privilege.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's defamation claim is barred because the alleged defamatory statements made by Defendants are true and therefore not actionable.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff has failed to comply with the duty to mitigate his alleged damages, Plaintiff's damages are limited and/or eliminated by such failure.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims or the relief he seeks are barred under the equitable doctrines of waiver, estoppel, laches, and unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for enforcement of an invalid non-competition agreement is barred due to the litigation privilege.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Defendants' conduct was justified in that Defendants at all times acted in good faith and under the reasonable belief that they were enforcing their contractual rights and that such rights were, in fact, enforceable.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's defamation claim is barred because the alleged statements are reasonably capable of a non-defamatory and innocent construction.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for enforcement of an invalid non-competition agreement fails to state a claim upon which relief may be granted.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's defamation claim is barred to the extent Plaintiff consented to publication of the reasons for his termination and any workplace misconduct.

Defendants reserve the right to assert additional defenses as established by the facts of this case.

WHEREFORE, Defendants respectfully pray that this Court enter judgment in their favor, that the Plaintiff take nothing thereby, and that this Court award Defendants any and all further relief that it deems appropriate.

Respectfully submitted,

ABM Service Corporation, Horace Mann Educators Corporation, and Horace Mann Investors, Inc.

By: */s/ Todd M. Church*
One of Their Attorneys

Amy S. Ramsey (Lead Counsel)
Todd M. Church
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1000
Chicago, IL 60654
(312) 372-5520

Dated: February 19, 2016

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on February 19, 2016, he caused true and correct copies of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all Filing Users.

/s/ *Todd M. Church*
One of the Attorneys for Defendants

Firmwide:138449568.1 062120.1007